In the Matter of the Estate of ANNA SCHIFFER, Deceased.

Surrogate's Court, Bronx County, November 12, 1931.

*Platt & Friedman,* for the petitioner.

*Neier & Van Derveer,* for the respondent.

HENDERSON, S. The respondent in this discovery proceeding is the administratrix of the estate of Walter P. Schiffer, a son of the decedent herein. It is sought to obtain possession of a bank book of the Bowery Savings Bank, No. 72778-B. The account was maintained in the following form: " Walter P. Schiffer in trust for Anna Schiffer, mother." The son predeceased his mother by about two months. The respondent admits that she has the bank book but claims the right to its possession as administratrix of the Walter P. Schiffer estate. She bases this claim upon a paper dated two years and six months prior to the death of Walter P. Schiffer and in his handwriting. It was lengthy and is prefaced by the statement, " If anything should happen to me before I have an opportunity to make a will, I earnestly request my estate to be handled as follows: " It was inclosed in an envelope which directed that it be opened by a sister or a brother " if anything should happen to me." Contained in this writing is a paragraph as follows: " The cash and insurance that is in my mothers name Anna Schiffer the principal to remain for my Son or if his mother is capabile she shall have control (But) the interest of 3,500 Dollars shall be used for my Mother's support and if she should pass away befor my Son or wife the interest will automatically go to my son's account; and my wife if she is in good sound mind and cappable."

The rule of law applicable to savings bank deposits made by a person in his own name as trustee for another is stated in *Matter of Totten* (179 N. Y. 112, at p. 125) as follows: " A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute

trust was created as to the balance on hand at the death of the depositor."

It is the contention of the respondent that the writing of Walter P. Schiffer contains a revocation of the tentative trust for his mother in the words above quoted.

The trust could have been revoked by him by the simple process of withdrawing the money or transferring the funds to another account during the period that intervened between the date of the writing and his death.

It is not clear that in the paragraph contained in the writing upon which the respondent relies as working a revocation of the trust the writer had the savings bank account in question in his mind. Assuming, however, that he did, there is no declaration disaffirming the trust and at most it is a request that the money be used to create another trust at his death for the benefit of his mother and under certain contingencies for his son or wife.

He performed no decisive act which would show an intention to revoke the trust. In fact, between the date of the paper and his death, a number of deposits were made in this account. If this act is evidence of any intention on his part, it would indicate a desire to have the account continue for the benefit of his mother in the event of his death. I find that the bank book of the Bowery Savings Bank No. 72778-B is the property of this estate. The respondent is directed to deliver the same to the petitioner. Settle decision and decree accordingly.